*189 SULLIVAN, Senior Judge
(dissenting):
Appellant was convicted of three serious crimes: assaulting his wife with a loaded firearm, assault and battery on his wife, and soliciting another to murder his wife. The Court of Criminal Appeals found that 19 pages of medical records should have been given to the sentencing authority at trial and found error.*
The Court of Criminal Appeals looked at the missing medical records and commented on this situation as follows:
These records demonstrate a documented history of stress, suicide ideation, and mental health hospitalizations, commencing in the spring of 1997 and • continuing through the date of trial. The objective diagnoses of the various mental health professionals who attended the appellant could not have but considerably bolstered the appellant’s self-serving unsworn statement. We are confident that, but for this error, the military judge would have adjudged a lesser punishment. Accordingly, we will reassess the sentence.
Unpub. op. at 14-15.
The court below then applied our decision in United States v. Jones, 39 MJ 315 (CMA 1994), on reassessment and said:
In reassessing the sentence we have carefully reviewed the record. In doing so, we paid particular attention to the testimony of [Marsha Sue] Williams in aggravation, the appellant’s unsworn statement, the appellant’s awards and excellent evaluations (prior to 1997), and the medical records submitted to the convening authority pursuant to RCM 1106.
In assessing the nature and seriousness of the offense, we first emphasize that in addition to the facts of the solicitation, the appellant pleaded guilty to assault with a firearm. While the bulk of trial was devoted to the solicitation, the appellant did plead guilty to the earlier assaults upon his wife. The circumstances of these assaults set forth a very chilling scenario in which Williams was terrorized with a riñe pointed at her in close proximity on four separate occasions and on a fifth occasion from a greater distance. On at least the first four occasions, the rifle was purposefully loaded just prior to the assaultive behavior.
Given the dread Williams must have experienced throughout her ordeal, coupled with the appellant’s additional guilt of the solicitation for Williams’ murder, and after carefully considering the “character of the offender,” we are certain that the appellant’s sentence would have been at least of a certain magnitude. We reassess the sentence that would have been adjusted free of the prejudicial error of the failure to introduce the appellant’s medical records at his court-martial.
Unpub. op. at 15-16 (emphasis added)(footnote omitted).
I see no legal error by the Court of Criminal Appeals in its reassessment and reduction of appellant’s sentence from eight to seven years confinement. See United States v. Boone, 42 MJ 308, 314 (1995) (Sullivan, C.J., dissenting) (Court of Criminal Appeals “adequately addressed the issue of effective assistance of counsel”). I am not inclined to upset its considered judgment based on speculation.

 I continue to voice my disagreement with the majority’s understanding and use of the doctrine of law of case with respect to the scope of our appellate revew. See United States v. Hall, 56 MJ 432, 437 (2002) (Sullivan, S.J., concurring in part and in the result); United States v. Walker, 57 MJ 174 (2002) (Sullivan S.J., joined by Crawford, C.J., dissenting).